**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Maiaika Velazquez, | ) | No. CV 10-1987-PHX-SRB |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Aurora Loan Services; J.P. Morgan Chase, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

The Court now considers Defendant Aurora Loan Services's ("Aurora") Motion to Dismiss Plaintiff's Amended Complaint ("MTD") (Doc. 26).[1]

## I.   BACKGROUND

Plaintiff Maiaika Velazquez, who is proceeding pro se in this matter, challenges the non-judicial foreclosure on her home. (Am. Compl. ¶¶ 4-17.) Plaintiff alleges that her property was improperly sold at a trustee's sale held October 18, 2010. (*Id.* ¶ 94(i).) The initial Complaint was filed in this matter on September 16, 2010, and Plaintiff filed her

---

[1] Defendant JPMorgan Chase Bank, N.A. ("JPM") joined the pending Motion to Dismiss. (*See* Doc. 30, Joinder.) In an Order dated June 3, 2011, the Court granted in part and denied in part Plaintiff's Motion for Dismissal of J.P. Morgan Chase from this Case, Strip [sic] of Their Alleged Second Lien and Request for Leave to Call Them as a Witness at a Later Date if Deemed Necessary, dismissed all claims against JPM, and denied JPM's Motion to Dismiss as moot. (*See* Doc. 75, Order.) Therefore, no claims remain against JPM.

1   Amended Complaint on November 8, 2010. (*See* Docs. 1, 22.) The Deed of Trust, which is

2   attached to the Amended Complaint, and the Note, which is attached to Aurora's Reply, are

3   dated July 3, 2006. (Am. Compl., Ex. A at 1; Doc. 43, Def. Aurora's Reply in Supp. of MTD,

4   Ex. B at 1.)[2]

5         The Amended Complaint contains the following claims, not all of which are

6   specifically referred to as separate claims: (1) a variation on the "show me the note" theory

7   of liability; (2) violation of the Truth in Lending Act ("TILA"); (3) fraud; (4) violation of the

8   Real Estate Settlement Procedures Act ("RESPA") (5) quiet title; (6) breach of the implied

9   covenant of good faith and fair dealing; (7) breach of fiduciary duty, by both the lender and

10  the closing agent; (8) negligence; (9) intentional infliction of emotional distress; (10)

11  violation of the Fair Debt Collection Practices Act ("FDCPA"); (11) violation of the Home

12  Ownership Equity Protection Act ("HOEPA"); (12) civil conspiracy; and (13) unfair business

13  practices, under Arizona and California law. (Am. Compl. ¶¶ 4-109.) Aurora states that it

14  moves to dismiss the Amended Complaint "in its entirety," but the Motion does not

15  specifically address all of the claims. (MTD at 4.) The Motion addresses the "show me the

16  note" claim, the conspiracy allegations, the fraud claims, the TILA claim, the RESPA claim,

17  the FDCPA claim, any claim regarding the authority of Mortgage Electronic Registration

18  Systems, Inc. ("MERS") to assign interests,[3] and the negligence claim. (MTD at 7-14.)

19

20        [2] Generally, on a motion to dismiss, a court limits its review to the contents of the
    complaint and may only consider material that is properly presented to the court as part of
21  the complaint. *See Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001) (citation
    omitted). However, the incorporation by reference doctrine permits consideration of
22  "documents 'whose contents are alleged in a complaint and whose authenticity no party
    questions, but which are not physically attached to the [plaintiff's] pleading.'" *In Re Silicon
23  Graphics Secs. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (quoting *Branch v. Tunnell*, 14 F.3d
    449, 454 (9th Cir. 1994)); *see also Knievel v. ESPN*, 393 F.3d 1068, 1076-77 (9th Cir. 2005).
24  The Amended Complaint describes the Note, which Aurora has attached to its Reply, and no
    party has challenged its authenticity, so it is proper for the Court to consider it in deciding
25  the pending Motion.
26
27        [3] The Amended Complaint alleges that the assignment of the note is "fraud" and, in
28  an example, refers to MERS. (Am. Compl. ¶¶ 47-48.) This does not constitute a specific

1    **II.    LEGAL STANDARDS AND ANALYSIS**

2         **A.    Failure to State a Claim**

3         The Federal Rules of Civil Procedure require "only 'a short and plain statement of the

4    claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice

5    of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*,

6    550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also* Fed.

7    R. Civ. P. 8(a)(2). Thus, dismissal for insufficiency of a complaint is proper if the complaint

8    fails to state a claim on its face. *Lucas v. Bechtel Corp.*, 633 F.2d 757, 759 (9th Cir. 1980).

9    "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual

10   allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

11   requires more than labels and conclusions, and a formulaic recitation of the elements of a

12   cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted).

13        A Rule 12(b)(6) dismissal for failure to state a claim can be based on either (1) the

14   lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim.

15   *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *Robertson v. Dean*

16   *Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). In determining whether an asserted

17   claim can be sustained, all allegations of material fact are taken as true and construed in the

18   light most favorable to the non-moving party. *Clegg v. Cult Awareness Network*, 18 F.3d

19   752, 754 (9th Cir. 1994). "[A] well-pleaded complaint may proceed even if it strikes a savvy

20   judge that actual proof of those facts is improbable, and that 'recovery is very remote and

21   unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

22   However, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual

23   content,' and reasonable inferences from that content, must be plausibly suggestive of a claim

24   entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009)

25   (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1952 (2009)). In other words, the complaint must

26

27   claim that the MERS system is a fraud, but out of an abundance of caution, the Court
28   addresses the possibility that Plaintiff intended such a claim.

1   contain enough factual content "to raise a reasonable expectation that discovery will reveal

2   evidence" of the claim. *Twombly*, 550 U.S. at 556.

3       **B.   "Show Me the Note"**

4       Plaintiff appears to attempt the "show me the note" defense to foreclosure, which has

5   been roundly rejected by this Court. (Am. Compl. ¶¶ 4-28); *see, e.g.*, *Grey v. First Am. Title*

6   *Ins. Co.*, No. CV09-1807-PHX-JAT, 2010 WL 1962323, at *2 (D. Ariz. May 14, 2010)

7   ("[C]ourts within the District of Arizona have routinely held that [the] 'show me the note'

8   argument lacks merit." (quotation and citation omitted)); *Rhoads v. Wash. Mut. Bank, F.A.*,

9   No. CV10-0197-PHX-NVW, 2010 WL 1408888, at *3 (D. Ariz. Apr. 7, 2010) (collecting

10  cases). In Arizona, trustee's sales are governed exclusively by Arizona Revised Statutes

11  ("A.R.S.") sections 33-801-821, which do not require that a beneficiary or a trustee produce

12  an original copy of the note or deed of trust or that the beneficiary or the trustee be entitled

13  to enforce the borrower's promissory note. *See* A.R.S. § 33-807(A) (conferring power of sale

14  upon trustee after a breach or default of the trust deed and providing that the sale is to be

15  governed exclusively by A.R.S. §§ 33-801-21). Plaintiff cannot plausibly state a claim

16  entitling her to relief under this theory, so this claim is dismissed with prejudice.

17      **C.   TILA, RESPA, and HOEPA**

18      Aurora moves to dismiss Plaintiff's TILA and RESPA claims, arguing that they are

19  time-barred. (MTD at 10-11.) TILA and HOEPA are governed by the same statutory time

20  limitation. Although Aurora did not raise the statute of limitations period with respect to

21  HOEPA in its Motion, the Court will nonetheless address it. Claims for damages under TILA

22  and HOEPA are subject to a one-year statute of limitations, as are the type of RESPA claims

23  Plaintiff appears to assert. 15 U.S.C. § 1640(e) (TILA and HOEPA claims seeking damages

24  and particular RESPA claims at issue here must be filed within one year); *Diessner v. Mortg.*

25  *Elec. Registration Sys.*, 618 F. Supp. 2d 1184, 1190 & n.39 (D. Ariz. 2009) (citing *Anderson*

26

27

28

1   *v. Wells Fargo Home Mortg., Inc.*, 259 F. Supp. 2d 1143, 1148 (W.D. Wash. 2003)).[4]

2       The Deed of Trust was executed on July 3, 2006. This lawsuit was filed on September

3   16, 2010, more than four years later. The statute of limitations had clearly run on these three

4   claims before the case was filed. *See Phrasavang v. Deutsche Bank*, 656 F. Supp. 2d 196,

5   201-02 (D.D.C. 2009) (RESPA statute of limitations is jurisdictional and therefore not

6   subject to equitable tolling); *Monaco v. Bear Stearns Residential Mortg. Corp.*, 554 F. Supp.

7   2d 1034, 1039 (C.D. Cal 2008) (statute of limitations codified at 15 U.S.C. § 1640(e) runs

8   from the date of consummation of the loan). The RESPA statute of limitations cannot be

9   tolled, so that claim is dismissed with prejudice. Plaintiff attempts to argue that she is entitled

10  to equitable tolling of the TILA and HOEPA statute of limitations, but she has not plausibly

11  alleged that she was unable to obtain vital information related to her claim during the

12  limitation period. (Am. Compl. ¶¶ 53-59.) However, as it is not absolutely clear that Plaintiff

13  could not allege facts supporting equitable tolling, Plaintiff's TILA and HOEPA claims are

14  dismissed without prejudice.

15      **D.   FDCPA**

16      Aurora moves to dismiss Plaintiff's claim under the FDCPA. (MTD at 11-12.) The

17  FDCPA applies only to debt collectors who attempt to collect a consumer debt. 15 U.S.C.

18  § 1692(e)-(f); *Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1182 (D.

19

20      [4] Under TILA and HOEPA, the remedy of rescission is available for only three years
    and only where a borrower is ready, willing, and able to tender the balance on the promissory
21  note, which is not the case here. *See* 15 U.S.C. § 1635(f); *Yamamoto v. Bank of N.Y.*, 329
    F.3d 1167, 1173 (9th Cir. 2003); *LaGrone v. Johnson*, 534 F.2d 1360, 1392 (9th Cir. 1974).
22  Moreover, § 1635 "does not apply to . . . a residential mortgage transaction as defined in
    section 1602(w) of this title." 15 U.S.C. § 1635(e), (e)(1). "The term 'residential mortgage
23  transaction' means a transaction in which a mortgage, deed of trust, purchase money security
    interest arising under an installment sales contract or equivalent consensual security interest
24  is created or retained against the consumer's dwelling to finance the acquisition or initial
    construction of such dwelling." *Id.* § 1602(w). Therefore, the remedy of rescission is not
25  available for Plaintiff in this instance, as she alleges that Defendants improperly foreclosed
    on her home, and the one-year statute of limitations is the only relevant one. (*See, e.g.*, Am.
26  Compl. ¶¶ 9, 106-07.) Even if rescission were available to Plaintiff, this lawsuit was filed
27  more than three years after the consummation of the loan.

28

Ariz. 2009). Under the FDCPA, a debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). "[A] debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985), *modified on other grounds*, 761 F.2d 237 (5th Cir. 1985); *see also Nool v. HomeQ Servicing*, 653 F. Supp. 2d 1047, 1053 (E.D. Cal. 2009).

Nothing in the Amended Complaint indicates that Defendants were debt collectors as defined under the FDCPA. The only allegation related to the FDCPA concerns Defendants' alleged failure to provide a required disclosure. (Am. Compl. ¶ 5.) Plaintiff generally alleges that Defendants wrongfully foreclosed on her home. (*E.g.*, *id.* ¶ 94.) Numerous district courts have concluded that "the activity of foreclosing on [a] property pursuant to a deed of trust is not collection of a debt within the meaning of the FDCPA." *Hulse v. Ocwen Fed. Bank*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002); *see also Diessner*, 618 F. Supp. 2d at 1189; *Mansour*, 618 F. Supp. 2d at 1182; *Castro v. Exec. Tr. Servs., LLC*, No. CV-08-2156-PHX-LOA, 2009 WL 438683, at *6 (D. Ariz. Feb. 23, 2009); *Gallegos v. Recontrust Co.*, No. 08cv2245 WQH (LSP), 2009 WL 215406, at *3 (S.D. Cal. Jan. 29, 2009); *Gray v. Four Oak Ct. Ass'n*, 580 F. Supp. 2d 883, 887 (D. Minn. 2008). Because it does not appear that Plaintiff can amend the Amended Complaint to state a claim for violation of the FDCPA, Plaintiff's claim for violation of the FDCPA is dismissed with prejudice.

### E.    MERS

Aurora also moves to dismiss any claim Plaintiff might be making related to the MERS system, although it is not entirely clear to the Court that such a claim has been raised. (MTD at 12-13.) This Court has previously addressed this argument and has concluded that a "claim that the MERS system is a fraud fails as a matter of law." *Cervantes v. Countrywide*

*Home Loans, Inc.*, No. CV 09-517-PHX-JAT, 2009 WL 3157160, at *10 (D. Ariz. Sept. 24, 2009) (thoroughly analyzing this line of argument and finding it wholly without merit). This Court agrees with the *Cervantes* holding and dismisses any claim Plaintiff might have made regarding the MERS system as a fraudulent beneficiary.

### F.    Negligence

Aurora argues that Plaintiff's negligence claim is barred by the economic loss rule. (MTD at 13-14.) The economic loss rule originated in the area of products liability as a way to keep tort law from enveloping contract law. *Evans v. Singer*, 518 F. Supp. 2d 1134, 1138 (D. Ariz. 2007). Generally, "[t]he economic loss rule bars a party from recovering economic damages in tort unless accompanied by physical harm, either in the form of personal injury or secondary property damage." *Id.* (quoting *Carstens v. City of Phx.*, 75 P.3d 1081, 1084 (Ariz. Ct. App. 2003)). Contract law and tort law seek to protect distinct interests: "tort law provides 'duty-based recovery' while contract law allows for 'promise-based recovery.'" *Id.* at 1139 (quoting *Carstens*, 75 P.3d at 1084). Thus, the economic loss rule is "a common law rule limiting a contracting party to contractual remedies for the recovery of economic losses unaccompanied by physical injury to persons or other property." *Flagstaff Affordable Hous. Ltd. P'ship v. Design Alliance, Inc.*, 223 P.3d 664, 667 (Ariz. 2010).

When interpreting contracts, courts "aim to enforce the expectancy interests between contracting parties" and obligate the parties to their agreed upon terms; thus, "it is reasonable to require those parties to seek remedies through contract when, at most, they have lost the benefit of their bargain." *Evans*, 518 F. Supp. 2d at 1139. However, the economic loss rule is not a blanket restriction against tort claims when the injured party has suffered solely economic loss. *Id.* In fact, "[i]n many contexts, tort recovery is available for solely pecuniary losses." *Flagstaff Affordable Hous.*, 223 P.3d at 667 (citations omitted). When sitting in diversity, federal courts are bound to follow the substantive law of the state; therefore, state courts' interpretations of state law are binding on federal courts. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 72-73 (1938); *Evans*, 518 F. Supp. 2d at 1139 (citing *Powell v. Lambert*, 357 F.3d 871, 874 (9th Cir. 2004)). In *Flagstaff Affordable Housing*, the Arizona Supreme Court

applied the economic loss rule to a construction defect case, extending the doctrine from the sole area in which it had previously been employed, products liability cases. 223 P.3d at 669-70. The Court is aware of no authority, and Aurora has not cited one, expanding the economic loss rule beyond those two subject areas.

The Amended Complaint alleges that a contract existed between the parties, and Plaintiff "suffered economic and non-economic harm" as a result of Defendants' actions related to the contract. (Am. Compl. ¶ 84.) The Amended Complaint also contains allegations regarding Plaintiff's emotional injuries resulting from Defendants' alleged conduct, which Aurora does not address. (*Id.* ¶¶ 106-07.) Even if Plaintiff had not alleged non-economic damages, the Court would decline Aurora's invitation to extend the economic loss rule beyond the two distinct areas in which Arizona courts have implemented it: products liability and construction defects. Neither of those types of claims is at issue here; Aurora's Motion is denied as to Plaintiff's negligence claim.

### G. Fraud

Aurora also moves to dismiss Plaintiff's fraud-based claims, arguing that they are not pled with sufficient specificity. (MTD at 9-10.) Under Arizona law, the elements of actionable fraud are:

> (1) A representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) [the speaker's] intent that it should be acted upon by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) [the hearer's] reliance on its truth; (8) [the hearer's] right to rely thereon; (9) [the hearer's] consequent and proximate injury.

*Moore v. Meyers*, 253 P. 626, 628 (Ariz. 1927). Federal Rule of Civil Procedure 9(b) requires that, in alleging fraud, "a party must state with particularity the circumstances constituting fraud." This pleading standard also applies to claims for misrepresentation. *Arnold & Assocs., Inc. v. Misys Healthcare Sys.*, 275 F. Supp. 2d 1013, 1028 (D. Ariz. 2003) (citing *Wyatt v. Terhune*, 315 F.3d 1108, 1118 (9th Cir. 2003)).To meet the Rule 9(b) particularity requirement:

> "a plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a

statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading."

*Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999) (quoting *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc), *superceded by statute on other grounds*, Private Securities Litigation Reform Act of 1995, Public Law 104-67 (codified at 15 U.S.C. § 78u-4 (1995))). In addition, the plaintiff must "'set forth, as part of the circumstances constituting fraud, an explanation as to why the disputed statement was untrue or misleading when made.'" *Id.* (quoting *GlenFed*, 42 F.3d at 1549).

The plaintiff "must include statements regarding the time, place, and nature of the alleged fraudulent activities," and "'mere conclusory allegations of fraud are insufficient.'" *GlenFed*, 42 F.3d at 1548 (quoting *Moore*, 885 F.2d at 540). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

Plaintiff's Amended Complaint comes nowhere near the required pleading standard. The Amended Complaint does not contain any details regarding the allegedly false statements, "the who, what, when, where, and how" of the alleged fraud. *See Vess*, 317 F.3d at 1106 (quotation omitted). Plaintiff's fraud allegations are entirely generic and do not identify which false statements were made to her by which Defendant, nor do the allegations explain why Plaintiff was misled. The Amended Complaint also does not state that Defendants intended for Plaintiff to rely on any of the alleged false statements. General, conclusory allegations of fraud are insufficient. Plaintiff has not stated a claim for fraud. However, it is not clear that Plaintiff could not cure this defect through amendment; therefore, the fraud claim is dismissed without prejudice.

### H.   Civil Conspiracy

Aurora also moves to dismiss Plaintiff's civil conspiracy claim. (MTD at 8-9.) If Plaintiff seeks to allege that Defendants committed an independent tort of civil conspiracy, this claim fails because no such tort exists under Arizona law. *See Hansen v. Stoll*, 636 P.2d

1236, 1242 (Ariz. Ct. App. 1981) ("Arizona does not recognize the existence of the tort of 'conspiracy.'" (citing *Tovrea Land & Cattle Co. v. Linsenmeyer*, 412 P.2d 47 (1966); *Perry v. Apache Junction Elementary Sch. Dist. No. 43*, 514 P.2d 514 (1973))); *accord Tuzon v. Whipple*, No. 1 CA-CV 06-0280, 2007 WL 5435012, at \*3 (Ariz. Ct. App. Dec. 18, 2007).

If Plaintiff seeks to allege that Defendants conspired to defraud her, those allegations must satisfy the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *Vess*, 317 F.3d at 1108 (claims such as conspiracy to commit fraud, which are "grounded in fraud," must be pled with particularity). Plaintiff has not pled this claim with particularity. The allegations in the Amended Complaint related to this theory are sparse and do not provide any specific details regarding "the who, what, when, where, and how" of the alleged fraud. *Id.* at 1106 (quotation omitted); (*see also* Am. Compl. ¶¶ 29-31). As such, the allegations do not meet the standard set forth in Rule 9(b) and fail to state a claim plausibly entitling Plaintiff to relief. Plaintiff's conspiracy claim is dismissed. Like the fraud claims, the conspiracy to defraud claim is dismissed without prejudice.

**III.   CONCLUSION**

Aurora's Motion to Dismiss does not address the following claims, which consequently remain in the Amended Complaint: breach of fiduciary duty, on the part of the lender and the closing agent; intentional infliction of emotional distress; quiet title; breach of the implied covenant of good faith and fair dealing; and unfair business practices, under Arizona and California law. The Court denies Aurora's Motion with respect to Plaintiff's negligence claim, so that remains as well.

Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend a pleading "shall be freely given when justice so requires." For pro se litigants, leave to amend should be granted unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *accord United States v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001). As discussed above, the Court will permit Plaintiff to amend certain of her claims: (1) the TILA and HEOPA claims, only to the extent that Plaintiff can plausibly show that she

is entitled to equitable tolling for some other reason than she has already alleged; (2) the fraud claims, which must be pled with particularity and must address each element of fraud listed above; and (3) the conspiracy claim, which also must be pled with particularity. Should Plaintiff elect to amend her Complaint, she may only do so in compliance with the legal standards outlined above and addressing the defects the Court has highlighted. Plaintiff may not re-raise any claims that were dismissed with prejudice (any version of the "show me the note" theory, RESPA, or FDCPA). She must file any further amended Complaint within 30 days of the date of entry of this Order.

**IT IS ORDERED** granting in part and denying in part Defendant Aurora Loan Services's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 26).

**IT IS FURTHER ORDERED** granting Plaintiff 30 days, including the date of entry of this Order, to file any further amended Complaint.


DATED this 29th day of June, 2011.


_____
Susan R. Bolton
United States District Judge

- 11 -